UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-07473 DMG (FMOx) | Date | November 1, 2010 |
|---|---|---|---|

| Title | *Moore v. Aurora Loan Services LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY REQUEST FOR PRELIMINARY INJUNCTION SHOULD NOT BE DENIED AS MOOT**

It has come to the Court's attention that, due to a system error, Plaintiff did not receive service of the Court's October 15, 2010 Order [Doc. # 9] (the "October 15 Order") granting Plaintiff's Request for More Time, which permitted Plaintiff to submit additional briefing and relevant evidence in support of his request for a preliminary injunction by October 22, 2010.

It has also come to the Court's attention that the foreclosure sale of the property located at 1079 Katherine, Simi Valley, California 93063 (the "Property"), which was scheduled to occur on October 13, 2010, did, in fact, occur on such date.[1]

---

[1] On October 29, 2010, Defendant Aurora Loan Services LLC filed a Request for Judicial Notice ("RJN"), requesting that this Court take judicial notice of various documents, including but not limited to the following: (1) Deed of Trust, recorded on February 24, 2006 with the Ventura County Recorder's Office as Document No. 20060224-0041084 (RJN, Ex. 1); (2) Notice of Default, recorded on May 6, 2009 with the Ventura County Recorder's Office as Document No. 09-72880 (*id*., Ex. 2); (3) Notice of Trustee's Sale recorded on September 23, 2010 with the Ventura County Recorder's Office as Document No. 10-144141 (*id*., Ex. 3); and (4) Trustee's Deed Upon Sale recorded on October 21, 2010 with the Ventura County Recorder's Office as Document No. 10-162300 (*id*., Ex. 4).

Federal Rule of Evidence 201 permits a court to take into judicial notice facts not subject to reasonable dispute that are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. As exhibits 1 through 4 are matters of public record that are appropriate for judicial notice, *see, e.g.*, *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120-21 (N.D. Cal. 2009) (taking judicial notice of a deed of trust, notice of default, and notice of trustee's sale recorded in Alameda County), the Court takes judicial notice of such documents.

The Trustee's Deed Upon Sale confirms that the Property was sold at a public auction on October 13, 2010.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-07473 DMG (FMOx)** | Date | November 1, 2010 |
| Title | *Moore v. Aurora Loan Services LLC, et al.* | Page | 2 of 2 |

  As discussed in the October 15 Order, the Court is unable to enjoin an event that has already occurred. To the extent the scheduled foreclosure sale occurred on October 13, 2010, Plaintiff's request for a preliminary injunction is now, and was at the time of the October 15 Order, moot. *See e.g., Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002) ("Where activities sought to be enjoined already have occurred . . . the action is moot, and must be dismissed. . . .").

  The Court therefore orders Plaintiff to show cause why his request for preliminary injunction should not be denied as moot. Plaintiff shall file his response to this Order to Show Cause ("OSC") by **November 12, 2010**. The matter will stand submitted upon the filing of Plaintiff's response.

  **IT IS SO ORDERED.**